FILED

14 OCT 17 PM 1:04

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CAROLINE WALTERS

Plaintiff

v.

2:14-cv-602-FtM-29DNF

ROBERT A. MCDONALD, in his official capacity as

SECRETARY, DEPARTMENT OF U.S. VETERANS AFFAIRS,

Defendant.

______________________________/

**VERIFIED COMPLAINT AND JURY DEMAND**

Comes now the Plaintiff CAROLINE WALTERS by and through the undersigned attorney, and files this Verified Complaint and Jury Demand on Defendant Robert A. McDonald, in his official capacity as Secretary, Department Of U.S. Veterans Affairs, and states:

**JURISDICTION AND VENUE**

1. This action seeks declaratory, compensatory, injunctive and other equitable relief from discrimination in employment against the plaintiff: on account of her race (Black) and in retaliation for prior discrimination complaints, in violation of section 706(f)(3) of Title VII, 42 U.S.C. section 2000e-5(f)(1)(b) and 2000e-5(f)(3).
2. The jurisdiction of the Court over this controversy is based upon 28 U.S.C. sections 451, 1331, 1337, 1343(4).
3. The unlawful employment practices described herein concern the actions taken by the Department Of U.S. Veterans Affairs against the Plaintiff because of her race, gender and in retaliation for the plaintiff's participation in grievances, proceedings, investigations and hearings in which the Plaintiff complained of discriminatory harassment. Venue in this Court is proper as plaintiff has satisfied all

administrative requirements and pursuant to section 706(f)(3) of Title VII, 42 U.S.C. section 2000e-5(f)(1)(b) and 2000e-5(f)(3).

4. Plaintiff has satisfied all conditions precedent to the filing of this action by exhausting all administrative prerequisites in the following cases: VA Case No. 2001-0516-2012103684 Department Of U.S. Veterans Affairs, Office of Employment Discrimination Complaint and Adjudication;.

**PARTIES**

5. CAROLINE WALTERS, (hereinafter WALTERS) is a citizen and resident of the United States, who at all times relevant was employed by the Defendant Department Of U.S. Veterans Affairs.

6. ROBERT A. MCDONALD, in his official capacity as SECRETARY, DEPARTMENT OF U.S. VETERANS AFFAIRS, the Defendant herein, (hereinafter VA), a federal government agency employing more than twenty (20) employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

**FACTS**

7. WALTERS was hired by the VA as a Medical Support Assistant the Ft. Myers Clinic in the Radiology Department on January 17, 2012.

8. On January 17, 2012, Complainant's Supervisor, Bonnie Mellady, commented to WALTERS that she was "surprised you are not fat."

9. The statement that Mellady made to Plaintiff that she was surprised Plaintiff was "not fat", is evidence that Mellady formed negative experiences regarding Plaintiff before meeting her based on an experience that did not include Plaintiff.

10. Mellady could have thought Plaintiff was fatter and slower because Mellady knew that Plaintiff was black.

11. On April 18 and 19, 2012 Mellady was upset with Plaintiff when she needed sick leave and told Plaintiff she "had no right to take leave".

12. There was no regular, non-discriminatory reason to deny Plaintiff's sick leave request in April 2012

13. On April 23, 2012 Mellady issued Plaintiff a retaliatory letter in a confrontational tone, demanding to know why Plaintiff was there.

14. No such demand for a subordinate employee was made to any white employees by Mellady to explain why they were here.

15. When WALTERS witnessed Mellady reviewing her file, Mellady had an "intimidating and belittling tone."

16. Mellady consistently belittled the Plaintiff yelling at her that she was not capable of learning the requirements and duties of her position.

17. Mellady often falsely accused Plaintiff of making "excessive errors" and "not getting it" whenever Plaintiff had a question or made a single error.

18. Mellady unfairly questioned Plaintiff about her the way she dressed in comparison to the facility dress code.

19. There was no reason to question or bully Plaintiff regarding her clothes except that she is black and dresses differently than a white woman of similar age.

20. Mellady bullied and harassed the Plaintiff and questioned the Plaintiff as to whether Mellady made her nervous.

21. Mellady never asked a white employee if she made the employee nervous.

22. Mellady treated Plaintiff hostilely during the time Plaintiff worked for the VA because Plaintiff is black and Mellady does not like black people.

23. No white Medical Support Assistants were treated as badly as Plaintiff.

24. On April 24, 2012 Plaintiff complained about discrimination in an email to the EEO Manager, Joan Harris, and three other VA officials.

25. Plaintiff was never notified of any real investigation of her complaint of April 24, 2012.

26. Plaintiff does not believe any good faith investigation of her complaint was performed by the VA prior to the VA terminating Plaintiff.

27. Plaintiff does not believe any prompt remedial action was taken except to promptly terminate her in retaliation for her discrimination complaint to the VA.

28. The letter notifying Plaintiff of her termination was dated June 25, 2012, stating Plaintiff was terminated July 1, 2012 during her probationary period.

29. Plaintiff was severely damaged by the VA's failure to investigate her complaint or take any action except the discriminatory and retaliatory termination of her employment.

30. On June 26, 2012 Plaintiff timely initiated contact with an EEO counselor.

31. On September 20, 2012 the EEO counselor mailed Plaintiff a Notice of Right to File A Discrimination complaint.

32. On October 3, 2012 Plaintiff received the Notice of Right to File a Discrimination Complaint and filed a formal complaint of discrimination that same day.

33. Plaintiff's discrimination complaint was accepted by the VA Office of Resolution Management on October 10, 2012.

34. On June 18, 2013 the VA issued its Final Agency Decision or Order documenting Plaintiff's complaints and denying anything that happened was discriminatory.

35. On July 1, 2013 Plaintiff filed a Form 573 Appeal of the Final Agency Decision.

36. Over 180 days have lapsed since Plaintiff filed the Appeal and no decision has been made and Plaintiff has filed this Civil Action for a fair review of her complaint and to hear evidence.

37. WALTERS was the victim of hostile work environment because of her race and has suffered a workplace permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive enough to have altered the conditions of her employment and created an abusive working environment.

38. Because of her race and prior EEO complaints Plaintiff has suffered unwelcome harassment by Mellady, and the harassment has been so severe and pervasive that the terms and conditions of Plaintiff's employment had been adversely affected and Plaintiff was terminated without a legitimate reason, because of her race and in retaliation for her complaint of discrimination April 24, 2012.

39. Plaintiff has been subjected to a discriminatory abusive working environment that Defendant is vicariously and directly responsible for as it has known and allowed the discriminatory and retaliatory acts by Mellady to continue until Plaintiff was terminated.

40. The frequent and severe conduct has physically threatened, assaulted and battered Plaintiff such that Mellady's conduct has unreasonably interfered with Plaintiff's job performance.

41. WALTERS has timely filed EEO complaints and exhausted her administrative remedies alleging the adverse actions taken by Mellady and the VA were discriminatory based on her race and in retaliation for filing a prior EEO complaint.

42. Despite complaints to the VA, WALTERS never received a fair review of the evidence that Mellady intentionally inflicted emotional distress on WALTERS such that the VA was negligent and is vicariously libel for the damages WALTERS suffered at the hands of Mellady.

43. WALTERS has suffered severe damage to her career as she was terminated without cause and cannot find a similar position because of the extreme hostile environment caused by Mellady that was allowed to continue by the VA until it terminated Plaintiff.

44. WALTERS has been forced to hire legal counsel to protect her legal rights.

**COUNT I RACE DISCRIMINATION**

45. The Plaintiff, WALTERS, reavers and incorporates by reference all of the allegations of paragraphs 1 through 4 herein.

46. By creating a hostile work environment, wrongfully terminating her and discriminating against WALTERS with respect to the terms, conditions, and privileges because of WALTERS's race (Black), Defendant has violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 USC 2000e justifying an award of mitigated backpay, front pay, benefits and compensatory and punitive damages against the Defendant.

47. WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant as follows:

(a) For a money judgment representing compensatory damages, including mitigated lost wages, front pay and all other sums of money, including retirement benefits and other

employment benefits, together with interest on said amounts;

(b) That the Court retain jurisdiction over this action until the Defendant has fully complied with the Orders of this Court and the Court require the Defendant to file such reports as may be necessary to supervise such compliance;

(c) For the costs of suit, including an award of reasonable attorneys' fees pursuant to 29 U.S.C. 626(b) and 216(b);

(d) For such other and further relief as may be just and proper.

**COUNT II RETALITATORY TERMINATION**

48. The Plaintiff incorporates and realleges paragraphs 1 through 44 as if fully stated herein.

49. As the Defendant received Plaintiff's discrimination complaint on April 24, 2012 and terminated her without a legitimate, non-discriminatory reason, it terminated Plaintiff in retaliation for her filing a discrimination complaint in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, Section 701 et seq., 42 USC 2000e justifying an award of mitigated backpay, front pay, benefits and compensatory and punitive damages against the Defendant.

50. WHEREFORE, WALTERS prays that this Court:

a. Declare the conduct of the VA in violation of her rights;

b. Award her m injunctive relief by ordering the VA to reinstate her;

c. Award her injunctive relief by ordering the VA to remove discipline and letters of warning from her file;

d. Award her mitigated back pay from July 1, 2012 to the present;

e. Award her compensatory damages for pain and suffering

f. Award her costs and attorney's fees;

g. Grant such other relief as the Court deems just and necessary.

**DEMAND FOR JURY TRIAL**

51. Plaintiff demands a jury trial

Respectfully submitted

s/R.Fleischer

Randy A. Fleischer, Esq.
Attorney for Plaintiff
Florida Bar #910546
8258 State Road 84
Davie FL 33324
954) 472-8401
rafesq@igc.org

**VERIFICATION**

I, CAROLINE WALTERS do hereby verify that all of the factual allegations related to me and made in the above Verified Complaint and Jury Demand are true to the best of my belief and recollection.

Caroline Walters
CAROLINE WALTERS
Plaintiff

STATE OF FLORIDA

COUNTY OF Barnes

BEFORE ME, the undersigned authority, duly licensed to administer oaths and take acknowledgments, personally appeared CAROLINE WALTERS, who, being by me first duly sworn and personally known to me, deposes and says that he has read the foregoing Verified Complaint and Jury Demand, and that the factual allegations relating to her are true and correct to the best of her knowledge, information and belief.

SWORN TO AND SUBSCRIBED before me this 2 day of September, 2014.

My commission expires:

RACHAEL KOCH
Notary Public
State of North Dakota
My Commission Expires May 4, 2018